**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LARRY E. ARTIS,

        Plaintiff,

v.

        CASE NO. 05-73594-DT
        HONORABLE LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

JOHN S. RUBITSCHUN, et. al.,
        Defendants,
_____/

**FILED**
**OCT - 5 2005**
CLERK'S OFFICE-DETROIT-PSG
U.S. DISTRICT COURT

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Larry E. Artis, ("plaintiff"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff seeks declaratory and injunctive relief to enjoin the defendants, members of the Michigan Parole Board, from conducting his parole interview in a manner which denies him due process of law and therefore prevents his release on parole. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

### I. DISCUSSION

In the present case, plaintiff is incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, which is located in the Northern Division of the Western District of Michigan. All of the defendants named in the complaint reside in the Western District of Michigan. The Michigan Parole Board's office is in Lansing, Michigan, which is also located in the Western District. Venue is in the judicial district where either all defendants

reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr,* 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. Plaintiff is currently incarcerated in the Western District of Michigan and the defendants also reside in this district. In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20-21 (D.D.C.

2003)(*quoting Starnes v. McGuire*, 512 F. 2d 918, 931 (D.C. Cir.1974)). In this case, plaintiff's action challenging the procedures that are used to determine his parole eligibility will be transferred to the Western District of Michigan, in light of the difficulties of transferring plaintiff to this district, the easier availability of witnesses and files to prosecute plaintiff's parole eligibility claims in the Western District of Michigan, and the speedier resolution of plaintiff's claims in that district. *See Crew v. U.S. Parole Bd.*, 424 F. Supp. 411, 413 (E.D. Pa. 1976).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

HON. R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

DATED: 9/28/05

3